AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
State and District of New Mexico

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

16 MAR -7 AM 8: 54

CLERK-ALBUQUERQUE

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| Black 2015 Chrysler Town and Country van bearing Washington license plate ATZ6986 | ) |

Case No.  16 mr ERI ALB 172 QUE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attacment A

located in the ____State and____ District of ____New Mexico____, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1029 | Fraud and related activity in connection with access devices. |
| 18 U.S.C. 1028 | Fraud and related activity in connection with identity documents. |

The application is based on these facts:

See attached Affadavit, Attachment A, and Attachment B, incorporated herein by reference

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Ryan Palmiter, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 7, 2016

_____
*Judge's signature*

City and state: Albuquerque, New Mexico

Chief U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR AN ORDER AUTHORIZING THE SEARCH OF A BLACK, 2015, CHRYSLER TOWN AND COUNTRY VAN, BEARING WASHINGTON LICENSE PLATE ATZ6986, CURRENTLY LOCATED IN ALBUQUERQUE, NEW MEXICO 87106 | Magistrate No. |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

1. I, Special Agent Ryan Palmiter, am currently employed with Immigration and Customs Enforcement, U.S. Department of Homeland Security, Homeland Security Investigations (HSI), in Albuquerque, New Mexico. I have been employed with HSI since February 18, 2011. Prior to employment with HSI, I was employed as an Immigration Enforcement Agent, with Immigration and Customs Enforcement in 2008. I am currently assigned to the General Crimes Investigations group in Albuquerque, where I conduct investigations including but not limited to violations related to Identity/Benefit Fraud and Identity Theft. I have conducted numerous investigations involving Identify Theft and Fraud as well as prepared and executed several search and seizure warrants.

**LOCATION OF PLACE TO BE SEARCHED**

2. This affidavit is submitted in conjunction with an application for authorization to search a Black, 2015, Chrysler Minivan, bearing Washington license plate ATZ6986, currently located at the HSI office parking lot at 5441 Watson Drive, SE, in Albuquerque, New Mexico, hereinafter referred to as the Subject Vehicle. (See Attachment A for further description).

3. This affidavit is based upon information I have gained from my investigation, my personal observations, training and experience, as well as upon information related to me by other individuals, including law enforcement officers. In making this affidavit, I am relying on information from my own personal observations and in part on information received from Officer Aguirre with the New Mexico State Police (NMSP).

Your affiant believes there is probable cause and respectfully requests an order authorizing the search of the Subject Vehicle described in paragraph 2 and further described in Attachment A. Through training and experience, your Affiant has learned that persons involved in illegal activity commonly conceal illegal merchandise and money obtained from illegal activity on their persons and in their vehicles.

1

4. Since this affidavit is being submitted for the limited purpose of securing a search and seizure warrant, I have not included each and every fact known to me concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence relating to violations of 18 U.S. Code § 1029, Fraud and Related Activity in Connection with Access Devices and 18 U.S. Code § 1028, Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information, will be located within the Subject Vehicle.

## BACKGROUND

5. On March 3, 2016, at approximately 1000 hours, NMSP Officer Aguirre contacted the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) for assistance. NMSP Officer Aguirre requested assistance in order to further investigate what he believed to be suspicious items inside the Subject Vehicle. Officer Aguirre relayed to HSI Special Agents Palmiter and Allen that he initiated a traffic stop on the Subject Vehicle for a traffic violation of Following Too Closely. The traffic stop was conducted on Interstate 40 eastbound at approximately mile marker 140. Encountered in the vehicle were the driver, Daryl Sandoval and one passenger, Monica Acosta.

6. Officer Aguirre relayed to HSI Special Agents that he observed a rental agreement for the vehicle which listed Acosta as the renter and only authorized driver. Registration information indicated the Subject Vehicle was registered to EAN Holdings LLC doing business as Enterprise-Rent-A-Car. Officer Aguirre informed HSI Special Agents that Sandoval did not possess a valid driver's license, only an identification card, and was not listed as an authorized driver on the rental agreement.

7. Officer Aguirre told HSI Special Agents that Sandoval said he and Acosta were traveling from Nevada to Albuquerque to visit family. Officer Aguirre advised HSI Special Agents that he had asked for and received consent from the driver, Daryl Sandoval, to conduct a canine search on the vehicle. The canine alerted to the odor of the presence of narcotics within the vehicle. Officer Aguirre began a search of the vehicle for the narcotics. Officer Aguirre opened a compartment located behind the passenger seat and below the floorboard of the vehicle. (This is a factory storage compartment referred to by the manufacturer as a "stow and go"). Discovered in this compartment was a credit card embosser, a credit card encoder/decoder, two grocery style shopping bags containing numerous prepaid credit/debit cards both in their original packaging and out, a fingernail file/buffer, and nail polish remover.

8. Officer Aguirre told HSI Special Agents Palmiter and Allen that he asked Sandoval what the items were in the storage compartment. Sandoval referenced the area and stated that one of the items was a typewriter. Officer Aguirre confronted Sandoval with the fact that none of the items he observed in the storage compartment were typewriters. Sandoval replied that he believed Officer Aguirre already knew what the items were.

9. Through the open passenger side sliding van door HSI Special Agents Palmiter and Allen could see in plain view the items Officer Aguirre described; a credit/debit card embosser, a credit/debit card encoder/decoder, two bags with numerous prepaid cards both opened and unopened, as well as the fingernail buffer, and nail polish remover. Your Affiant knows through training and experience that these items are commonly used to deface, alter, and convert common access cards in order to produce replicas of legitimate credit and debit cards. Special Agents Palmiter and Allen asked Sandoval if he was willing to speak to them but he declined. Sandoval also declined permission for Special Agents Palmiter and Allen to search the van.

10. Officer Aguirre informed Sandoval that he was free to leave however, HSI was securing the vehicle in order to obtain a search warrant. Officer Aguirre issued Sandoval a citation for following too closely and he was transported to the closest location which was the Route 66 Casino, and was released. The subject vehicle was photographed on site, sealed, and towed to the HSI Albuquerque office. In addition the NMSP and HSI Special Agents escorted the Subject Vehicle to the HSI office. The Subject Vehicle is currently stored in a secure area of the HSI Albuquerque office parking lot which is monitored 24 hours by Federal Protective Service officers.

11. Your Affiant believes the items observed in plain sight inside the Subject Vehicle indicate criminal activity as it relates to identify theft, access device fraud and/or credit card fraud. Recent law enforcement investigations have uncovered an emerging trend in the use of stored value cards (prepaid cards) to transport/smuggle illicit proceeds throughout the United States and abroad. Credit card companies, such as Visa and MasterCard, and banks that issue cards, commonly referred to as "card issuers," have developed common standards that enable credit cards to be readily used throughout the world.

12. A stored-value card may consist of a credit card company such as Visa, MasterCard and American Express. A stored value card is a payment card with a monetary value stored on the card itself. A major difference between a stored value card and a regular credit or debit card is that debit and credit cards are usually issued in the name of individual account holders, while stored-value cards may be anonymous. A stored value cards offers different types of options. For example, a stored value card may be disposed of when the value is used, or the card value may be "reloaded" with additional funds. In addition, the term stored value card means the funds and or data are physically stored on the card. These cards can be purchased at most retail locations. Subjects involved in criminal activity are attracted to using stored value cards, because there is no credit check required to obtain a stored value card, and the purchaser is not required to maintain a bank account to fund stored value card transactions.

13. The stored value cards offered by retailers consist of various brands, some with a preset denomination. It is not until the customer pays for the predetermined amount that the funds are loaded onto the card using the magnetic stripe embedded in the card. At this point, the stored value card is now carrying a monetary value.

3

14. Persons engaged in criminal activity often use stored value cards rather than transporting currency due to a number of reasons. These include but are not limited to the ease of transportability, the anonymity of the stored value card and the ability to reload the value of the card. The purchase of stored value cards with illicit funds allows criminals to conduct a series of transactions to distance the funds from their criminal source.

15. Persons engaged in criminal activity involving stored value cards often use a "reader writer encoder" machine which allows them to remove any existing information stored on the magnetic stripe and replace it with stolen/compromised information. This information can include the credit account number and "track data" from an unsuspecting victim. Track Data is described as the categories of information encoded on the magnetic stripe of a credit card. In addition, an encoder machine can also place a victim's bank account information on the magnetic stripe. This allows the criminal to use a stored value card to purchase high end merchandise easily sellable on the black market while draining the funds of an unsuspecting victim's bank account.

16. Your affiant has probable cause to believe that records, evidence, fruits and instrumentalities relating to violations of 18 U.S. Code § 1029, Fraud and Related Activity in Connection with Access Devices and 18 U.S. Code § 1028, Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information are contained inside the Subject Vehicle.

17. Your Affiant also has probable cause to believe the funds represented by the stored value cards are representative of illegal proceeds in transit. Your Affiant submits that there is probable cause that the stored value cards located inside the Subject Vehicle constitute property involved in or traceable to a violation(s) of 18 U.S. Code § 1029, Fraud and Related Activity in Connection with Access Devices and 18 U.S. Code § 1028, Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information and are subject to seizure and forfeiture pursuant to Title 18 United States Code § 981 (a) (1).

WHEREFORE, I respectfully request that a warrant be issued authorizing Homeland Security Investigations, with appropriate assistance from other law enforcement officers, to enter the said Subject Vehicle described in Attachment A and therein search for, seize, and examine the items set forth above and in Attachment B.

This affidavit was reviewed and approved by AUSA Jonathon Gerson.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  FURTHER AFFIANT SAYETH NOT.

_____
Ryan Palmiter, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 7th day of March, 2016.

_____
Karen B. Molzen Chief U.S. Magistrate Judge

## ATTACHMENT A
## DESCRIPTION OF PROPERTY TO BE SEARCHED

The premises to be searched are described as a Black, 2015, Chrysler Town and Country van assigned vehicle identification number 2C4RC1BGXFR696038 and affixed with Washington state license plate number ATZ6986.

This vehicle is currently located at the Homeland Security Investigations Albuquerque Office secured area at 5441 Watson Drive, SE, Albuquerque, New Mexico, 87106, and has been sealed.

## ATTACHMENT B

### Items to be seized

1. Books, records, receipts, notes, ledgers, designated codes and other papers relating to the trafficking of counterfeit or stolen credit cards, identification documents;

2. Papers, tickets, notes, schedules, receipts and other Items relating to the purchase, sale and compromise of stored value cards and credit cards/bank account information;

3. Books, records, receipts, bank statements and records, financial statements, records, money orders and cashier's checks, and other documents evidencing the obtaining, secreting, transfer, and/or concealment of assets including but not limited to the transportation and transfer of money;

4. Sales receipts for items evidencing the expenditure of currency or currency equivalents;

5. Card encoder/rewriting machines and other devices used to replicate stored value cards and/or credit cards.

6. Identification documents of any type.

7. Records, journals, receipts, and other documents reflecting the purchase, transfer, sale or possession of stored value cards and credit cards/bank account information;

8. Communication devices that transmit an electronic signal and are used to facilitate criminal acts by way of digital or analog signals which include but are not limited to; cellular phones, tablets, computers, laptops, and other devices used to store or transmit phone numbers, messages, or other written communications;

all of which are fruits, evidence and Instruments of crimes against the United States Government, that is; violations of 18 U.S. Code § 1029, Fraud and Related Activity in Connection with Access Devices and 18 U.S. Code § 1028, Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information.